UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVE VILLA,

                         Plaintiff,

v.

SOUTHWEST CREDIT SYSTEMS, L.P.,

                         Defendant.
_____

**REPORT, RECOMMENDATION AND ORDER**

19-CV-01701(JLS)(JJM)

        Plaintiff Steve Villa commenced this action alleging that defendant Southwest Credit Systems, L.P., violated the Fair Debt Collection Practices Act ("FDCPA", 15 U.S.C. §§ 1692 *et seq*.) by continuing to contact him in an attempt to collect an alleged debt despite receiving his dispute letter. Complaint [1].[1] Before the court are plaintiff's motions for leave to amend the Complaint [18] and for an extension of his deadline to respond to defendant's motion for summary judgment [19], which have been referred to me for initial consideration [6].[2] Having reviewed the parties' submissions [18, 19, 21, 22, 29, 30], I recommend that the motion for leave to amend be denied,[3] and order that the motion for an extension be granted.

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]     The case was initially assigned to District Judge Lawrence J. Vilardo, who referred all pretrial proceedings, including dispositive motions, to me for initial consideration [6]. The case was later reassigned to District Judge John L. Sinatra, Jr. [9].

[3]     "District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as nondispositive." Zink v. First Niagara Bank, N.A., 2015 WL 423221, *1, n. 2 (W.D.N.Y. 2015). While there is contrary authority (*see* Eastman Chemical Co. v. Nestle Waters Management & Technology, 2014 WL 1316772, *2 (S.D.N.Y. 2014) (advocating a nondispositive standard of review where "denial of leave to amend was based on procedural issues like failure to comply with a scheduling order")), I prefer to err on the side of caution.

## BACKGROUND

On December 20, 2019, plaintiff filed his Complaint [1], alleging that on or about September 30, 2019, plaintiff sent a certified letter to defendant disputing the alleged debt. Id., ¶13. Notwithstanding plaintiff disputing the debt, defendant allegedly sent him a letter on or about October 9, 2019 attempting to collect the alleged debt, in violation of 15 U.S.C. §1692c(c). Id., ¶¶15, 17.

Following a preliminary pretrial conference on February 18, 2020 [10], I entered a Case Management Order ("CMO") [11], which adopted the deadlines proposed by plaintiff [8]. The CMO required all motions to amend the pleadings to be filed by March 27, 2020 ([11], ¶5), and stated that *"[n]o extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension . . . . The parties are reminded that 'a finding of 'good cause' depends on the diligence of the moving party'"*. Id., p. 3, *quoting* Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000) (emphasis in original).

Shortly before the deadline to amend pleadings, defendant moved for summary judgment [13]. On the April 16, 2020 deadline for plaintiff's response to that motion, he filed an unopposed motion for a one-week extension of time to respond to the summary judgment motion [16]. The additional time was requested to determine whether defendant would stipulate to plaintiff's proposed Amended Complaint that added additional causes of action arising from defendant's production of its September 19, 2019 letter to plaintiff. Id.

I granted plaintiff's motion for an extension, giving him until April 23, 2020 to respond to this motion. April 17, 2020 Text Order [17]. On that deadline, plaintiff filed motions for leave to file an Amended Complaint [18] and for a further extension of time to respond to

-2-

defendant's motion for summary judgment [19], pending resolution of the motion for leave to amend.

The briefing schedule which I set on these motions required defendant's responses by May 6, 2020, and gave plaintiff until May 11, 2020 to file a reply [20]. Defendant did not file its responses until May 11, 2020 [21, 22], which prompted me to initially grant plaintiff's motions as unopposed. *See* May 12, 2020 Text Order [23]. However, I later granted defendant's motion for reconsideration of that ruling [24], finding "that the disruption to normal law office operations caused by COVID-19 . . . [wa]s sufficient to excuse the calendaring error", and set a new deadline for plaintiff's replies in further support of his motions. *See* May 22, 2020 Text Order [28].

## DISCUSSION

**A.    Plaintiff's Motion for Leave to file an Amended Complaint**

"Where, as here, a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b)", Holmes v. Grubman, 568 F.3d 329, 334 35 (2d Cir. 2009), that "[a] schedule may be modified *only* for good cause". Rule 16(b)(4) (emphasis added). Hence, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b) then, if good cause can be shown, the party must demonstrate that the amendment is proper under Rule 15(a)." Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997). *See also* Jones v. City of New York, 2020 WL 582369, *2 (S.D.N.Y.2020) ("[w]hether a movant has complied with Rule 16's good cause requirement "is a threshold matter which may obviate the Rule 15

analysis"); Nairobi Holdings Ltd. v. Brown Brothers Harriman & Co., 2006 WL 2242596, *3 (S.D.N.Y. 2006) ("[t]he standards of Rule 16(b) must be met first and can not be short-circuited by an appeal to those of Rule 15(a)").

As my CMO [11] highlighted, the Second Circuit has repeatedly held that "a finding of 'good cause' depends on the diligence of the moving party". Parker, 204 F.3d at 340. *See also* Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003); Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009); 1983 Advisory Committee Notes to Rule 16 ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 197 (S.D.N.Y. 2014); Erdogan v. Nassau County, 2014 WL 1236679, *5 (E.D.N.Y. 2014) (same). *See also* Jones, 2020 WL 582369 at *2 ("[g]enerally, the moving party fails to show good cause when the proposed amendments rely on information that the party knew, or should have known, in advance of the deadline").

In seeking leave to amend the Complaint, plaintiff's counsel, Seth Andrews, explains that plaintiff served defendant with discovery demands on February 20, 2020, and that in its April 1, 2020 response to those demands, defendant produced its September 19, 2019 letter. Andrews Affirmation [18-1], ¶¶3-4. Plaintiff acknowledges that the September 19, 2019 letter "may have been sent to [him] and received by [him] but that does not necessarily mean that it was in [his] possession at the time the complaint was filed or at the time the motion to amend was filed". Plaintiff's Reply Memorandum of Law [29-1], p. 1. According to Mr. Andrews,

"[p]rior to being provided with this letter, [he] was not in possession of the September 19, 2019 letter". Andrews Affirmation [18-1], ¶6.

Defendant responds that "production of the September 19, 2019 [letter] is not new evidence that Plaintiff was not aware of prior to commencing the subject action or the Court's March 27, 2020 deadline to amend pleadings. In fact, [its] September 19, 2019 letter triggered Plaintiff to draft and send his September 30, 2019 letter". Defendant's Memorandum of Law [21], p. 4. I agree with defendant.

Plaintiff's September 30, 2019 letter stated "I am writing in regards to Southwest reference #72869303, credit account #166677905" [21-3] - the very same information included in defendant's September 19, 2019 letter concerning the debt. [21-2], p. 2 of 3 (CM/ECF). Thus, it is evident that plaintiff received the September 19, 2019 letter, and "a person . . . who receives a document is presumed to have knowledge of its contents". Dublin Eye Associates, P.C. v. Massachusetts Mutual Life Insurance Co., 590 Fed. App'x 463, 466 (6th Cir. 2014).

Plaintiff's knowledge of the contents of the September 19, 2019 letter is confirmed by the proposed Amended Complaint, which alleges that by receiving both the September 19 and October 9, 2019 letters from defendant, plaintiff became confused as to "what his rights were and to the effectiveness of his dispute letter", and that "as a result of [those] acts . . . became nervous, upset, anxious, and suffered emotional distress". Proposed Amended Complaint [18-4], ¶18; *see also* plaintiff's Memorandum of Law in support of his motion for leave to amend [18-5], p. 10 ("on one hand he is told by the Defendant that they received his written dispute which would trigger the Defendant's obligation to provide him verification based on the language of the September 19, 2019 letter but on the other hand, the October 9, 2019 letter states he needs to in effect resubmit his written dispute in order to have the Defendant provide

-5-

him with substantiation of the debt. These are inconsistent interpretations that the least sophisticated consumer would struggle with to understand their rights under the FDCPA"). For plaintiff to have been confused and to have suffered from emotional distress for which he seeks actual damages, he must have known the content of the September 19, 2019 letter. Notably lacking from plaintiff's submissions is any affidavit (or declaration) from plaintiff indicating otherwise.

Even if plaintiff did not remain in possession of that letter or have total recall of its content, he knew enough to inquire, and had the means to timely obtain it. Plaintiff offers no explanation as to why he could not have obtained the letter with reasonable diligence by the March 27, 2020 deadline or sought an extension of that deadline to do so. "Where, as here, a party has been put on notice of the existence of material facts which have not been documented and he nevertheless proceeds . . . without securing the available documentation or inserting appropriate language . . . for his protection, he may truly be said to have willingly assumed the . . . risk." Lazard Freres & Co. v. Protective Life Insurance Co., 108 F.3d 1531, 1543 (2d Cir. 1997). *See also* The Tompkins, 13 F.2d 552, 554 (2d Cir. 1926) ("[k]nowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation would have revealed").

Plaintiff argues that defendant "cannot demonstrate prejudice sufficient to defeat" the proposed amendment. Plaintiff's Memorandum of Law [18-5], pp. 3-4). However, defendant bears no burden on this motion - it is plaintiff's burden to show good cause under Rule 16(b)(4), and "the absence of prejudice alone does not constitute good cause under Rule 16". Gullo v. City of New York, 540 Fed. App'x 45, 47 (2d Cir. 2013) (Summary Order). *See also* Mendez v. Barlow, 2008 WL 2039499, *2 (W.D.N.Y. 2008); Kodak Graphic Communications

Canada Co. v. E.I. Du Pont de Nemours and Co., 2011 WL 6826650, *3 (W.D.N.Y.2011) ("the lack of prejudice to the non moving party [does not] negate the requirement that the moving party act with diligence to amend its pleadings").

For these reasons, I recommend that plaintiff's motion for leave to amend the Complaint [18] be denied. While this may seem a harsh result, Rule 16(b)(4) requires a showing of "good cause" for an extension of CMO deadlines, and I "have no power to rewrite the Rules". Harris v. Nelson, 394 U.S. 286, 298 (1969). *See also* Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) ("federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions").[4]

**B.     Plaintiff's Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment**

Plaintiff's motion to extend the deadlines of my briefing schedule is governed by Rule 6(b)(1)(A), which also requires a showing of "good cause". However, "under Rule 6(b)(1), as interpreted by case law, the term 'good cause' imposes a light burden", as opposed to the "much heavier burden" imposed by Rule 16(b)(4). McCann v. Cullinan, 2015 WL 4254226, *10 (N.D. Ill. 2015). "The rule gives broad discretion to a court to extend a time limit". Rankin v. City of Niagara Falls, 293 F.R.D. 375, 390 (W.D.N.Y. 2013), aff'd, 569 Fed. App'x 25 (2d Cir. 2014) (Summary Order). *See* Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir.1988) ("[t]he granting or denial of a motion to extend the time . . . lies within the discretion of the district court").

---

[4]     Since I have recommended denial of plaintiff's motion on timeliness grounds, it is unnecessary for me to address defendant's futility arguments. Defendant's Memorandum of Law [21], pp. 6-14.

Ultimately, "'[g]ood cause' is usually not difficult to show". Rankin, 293 F.R.D. at 390. "The court generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions". 1 Moore's Federal Practice §6.06[2] (Matthew Bender 3d ed 2019). Given the history of plaintiff's motion, I find that none of these circumstances apply.

Plaintiff's initial motion for an extension was sought with defendant's consent in order to afford defendant an opportunity to determine whether it would stipulate to the proposed Amended Complaint. It explained that:

> "In the event that the Defendant stipulates to the proposed amended complaint . . . . The parties will then confer as to if Defendant desires to go forward with its summary judgment motion on solely the present claim contained in the current complaint or if it will withdraw its motion without prejudice. If the Defendant desires to move forward with its present summary judgment motion at that time, the parties will follow up with the Court to set an amended briefing schedule for the opposition and reply.
>
> Alternatively, if the Defendant decides to not stipulate to the proposed amended complaint, the Plaintiff will then file a motion for leave to amend his complaint and also will request in that motion, an extension of 20 days to file his opposition to Defendant's summary judgment motion from the date the Court issues its decision on the motion . . . .
>
> I have spoken with opposing counsel and they are in agreement with said request." [16], pp. 1-2 of 2 (CM/ECF).

Therefore, plaintiff made clear from the outset that whether or not a motion for leave to amend was necessary, he would be seeking a further extension of the deadline to respond to the summary judgment motion. Plaintiff's counsel states that since "defendant never raised any objection to this . . . course of action . . . [he] was under the impression that the adjournment would either be agreed to by the Defendant or not opposed". Andrews Affirmation [19-1], ¶19. This was a fair assumption, especially since it would avoid piecemeal dispositive motion practice.

While defendant now complains that it "would clearly be prejudiced by any extension given for Plaintiff to file its opposition" (defendant's Brief in Opposition [22], p. 2), that is difficult to reconcile with its earlier silence and the fact that it was willing to defer adjudication of its motion had the parties been able to reach agreement on an Amended Complaint. Under these circumstances and the more lenient standard of Rule 6(b)(1)(A), plaintiff's motion for an extension is granted. Plaintiff shall have 20 days to respond to defendant's summary judgment motion [13].

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for leave to amend [18] be denied, and order that his motion for an extension [19] is granted. Plaintiff's response to defendant's motion for summary judgment [13] shall be filed by June 30, 2020, and defendant's reply, if any, shall be filed by July 7, 2020, after which time the motion will be taken under advisement without oral argument unless requested by one of the parties or deemed necessary by the court.

Unless otherwise ordered by District Judge John L. Sinatra, Jr., any objections to this Report, Recommendation and Order must be filed with the clerk of this court by June 24, 2020. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first

instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

       The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: June 10, 2020

                                                  _____
                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge